FILED & ENTERED

JUN 17 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>WORLDWIDE EDUCATION SERVICES, INC,<br><br>Debtor. | Case No. 2:13-bk-25233-BR<br>Chapter 15<br>STATEMENT OF DECISION ON EMERGENCY MOTION OF FOREIGN REPRESENTATIVE FOR IMPLEMENTATION OF PROVISIONAL STAY UNDER 11 U.S.C. §§ 105, 362, AND 1519 |

The above-captioned case under Chapter 15 of the Bankruptcy Code, 11 U.S.C., came on for hearing on June 17, 2013 before the undersigned United States Bankruptcy Judge on the Emergency Motion of Foreign Representative for Implementation of Provisional Stay under 11 U.S.C. §§ 105, 362 and 1519, filed on June 12, 2013. Having considered the moving, opposing, and reply papers of the parties as well as their oral arguments of the parties at the hearing on June 17, 2013, the court takes the motion under submission and issues this statement of decision with an accompanying order on the motion.

On June 10, 2013, Kevin Wessell, the voluntary liquidator of Worldwide Education Services, Inc. ("Liquidator"), commenced this bankruptcy case under Chapter 15 of the Bankruptcy Code by filing a petition for relief. On the same day, the Liquidator filed a verified petition for recognition of foreign proceedings. The petition for recognition alleged, among other things, that debtor is a British Virgin Islands (BVI) corporation, that prior to being re-domiciled in the BVI, debtor was a Wyoming limited liability company known as IncWay Corporation, and that for many years, debtor had successfully operated a business assisting customers incorporate or form limited liability companies. The petition for recognition further alleged that debtor's business dropped off significantly with the economic recession in 2007, that in 2010, debtor ceased operations, and that debtor has not maintained active business operations and has been in a "wind-down" mode.

The petition for recognition specifically alleged that "despite the fact that the Debtor ceased operations nearly 3 years ago and has no significant assets left anymore, the Debtor continues to be named a defendant in various lawsuits, including two lawsuits pending before the United States District Court for the Central District of California," that "The Debtor, therefore, felt it had no other choice but to commence a liquidation proceeding" and that on May 31, 2013, the Board of the debtor commenced a voluntary liquidation proceeding under the BVI Companies Act of 2004. In the petition for recognition, the Liquidator seeks relief recognizing the BVI liquidation proceedings as a "foreign main proceeding, or in the alternative, a "foreign non-main proceeding" pursuant to 11 U.S.C. § 1517, and all relief afforded foreign main proceedings, foreign debtors and their foreign representatives automatically upon recognition, including the automatic stay, and all other appropriate relief.

By the instant motion for preliminary stay, the Liquidator seeks the imposition of the automatic stay under 11 U.S.C. § 362(a) pending the outcome of his petition for recognition on grounds that such relief is "urgently needed to

1 protect the assets of the debtor or the interests of creditors." 11 U.S.C. § 1519(a);
2 *see also, In re Pro-Fit Holdings Ltd*., 391 B.R. 850 (Bankr. C.D. Cal. 2008).
3 Specifically, the Liquidator in the motion requests that the court "enter an order
4 staying all pending litigation against the Debtor or the seizure of the Debtor's
5 assets in the United States pending the outcome of the hearing on the Petition for
6 Recognition." As stated in his disclosures under Federal Rule of Bankruptcy
7 Procedure 1007(a)(4), the Liquidator identified Thomas E. Alexander as the entity
8 against whom provisional relief is sought under Section 1519 of the Bankruptcy
9 Code. Alexander is the plaintiff in Case No. 2:11-cv-08851 DSF (VBKx), pending
10 in the United States District Court for the Central District of California. Alexander
11 filed an opposition to the emergency motion on June 14, 2013. In opposing the
12 motion, Alexander argues that the emergency motion is "nothing but a ploy" of the
13 Wessel defendants, including the Liquidator in his individual capacity, debtor and
14 other parties, to prevent the trial proceeding before the federal district court in his
15 case against the Wessel defendants scheduled to begin on June 18, 2013.
16 Another creditor, Neil A. Vacchiano, filed an opposition to the motion on June 14,
17 2013. Vacachiano is the plaintiff in Case No. 2:12-cv-2003 DSF (VBKx), which is
18 related to Alexander's case, and also set for trial before the district court on June
19 18, 2013. Vacchiano joins the arguments of Alexander in opposition to the motion
20 and further argues that the motion should be denied because debtor and the other
21 defendants are actively litigating the federal district court cases, even after debtor
22 filed the Chapter 15 bankruptcy petition and petition for recognition of foreign
23 proceeding. On June 17, 2013, the Liquidator filed a written reply to both
24 oppositions.
25        This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157,
26 1334 and 1501. For the reasons stated herein, the court denies the motion for
27 preliminary stay.
28

To authorize relief during the gap period between the time of the filing of a petition for recognition and the court ruling on recognition, Section 1519(a) of the Bankruptcy Code provides that "the court may grant relief of a provisional nature" at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of creditors. 11 U.S.C. § 1519(a): *In re Pro-Fit Holdings, Ltd.,* 391 B.R. at 858 and n. 18. Except in a Chapter 15 bankruptcy case, such as this one, the automatic stay in bankruptcy pursuant to 11 U.S.C. § 362(a) applies from the moment that a bankruptcy case is filed. *In re Pro-Fit Holdings, Ltd.,* 391 B.R. at 862. Thus, the filing of the Chapter 15 petition by the Liquidator does not effectuate the automatic stay in bankruptcy, which may occur when the petition for recognition is granted under 11 U.S.C. § 1520. *Id.* at 864. The Liquidator noted that the court in *Pro-Fit Holdings* held that a motion for provisional relief requesting a temporary application of the automatic stay under Section 1519(a) does not even need to meet the requirements for injunctive relief, either procedural or substantive." Motion at 3, *citing, In re Pro-Fit Holdings Ltd.,* 391 B.R. at 864-867. This court respectfully disagrees with this holding of the court in *Pro-Fit Holdings* because the holding is flatly inconsistent with the plain and unambiguous language of Section 1519(e), stating: "The standards, procedures, and limitations applicable to an injunction shall apply to relief under this section." The court in *Pro-Fit Holdings* concluded that Section 1519(e) was limited to motions that only requested injunctive relief, but this court notes that the express language of the statute does not contain such a limitation and generally applies to all relief sought pursuant to Section 1519, including imposition of the automatic stay. *See In re Pro-Fit Holdings, Ltd.,* 391 B.R. at 859-862; 8 Resnick and Sommers, *Collier on Bankruptcy*, ¶ 1519.05 at 1519-8 n. 2 (16th ed. 2013) (discussing *Pro-Fit Holdings* that "[o]ne court has specifically held that the automatic stay of section 362 can be applied as provisional relief without requiring compliance with the specific procedures and standards for obtaining an

4

injunction"). The statutory language of Section 1519 is plain and does not admit of any exceptions for noninjunctive relief. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S.235, 241-242 (1989); *see also, Vitro, S.A.B. de C.V. v. ACP Master, Ltd. (In re Vitro, S.A.B. de C.V.),* 455 B.R. 571 (Bankr. N.D. Tex. 2011)(citing *Ron Pair* to rely upon the plain language of 11 U.S.C. § 1519 to hold that the statute does not contain a limitation on the court's authority to issue a stay or injunction). In *Ron Pair,* the Supreme Court stated: "The task of resolving the dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself." *Id.* at 241 (citation omitted). The Court in *Ron Pair* in interpreting the subject statute, Section 506(b) of the Bankruptcy Code, 11 U.S.C., held: "In this case it is also where the inquiry should end, for where, as here, the statute's language is plan, the sole function of the courts is to enforce it according to its terms." *Id.* (citation and internal quotation marks omitted).

Moreover, as the Supreme Court further stated in *Ron Pair,* "[t]he plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. . . In such cases, the intention of the drafters, rather than the strict language, controls." *Id.* at 242 (citation omitted). Neither the Liquidator nor the court in *Pro-Fit Holdings* articulated a significant reason why purportedly non-injunctive relief would have been treated differently than the express standard set out in Section 1519(e). The language of the statute makes sense because the filing of the petition for recognition does not automatically give rise to the automatic stay in bankruptcy or other interim relief, and interim relief must be applied for, which is not unlike filing a complaint in a civil case generally. Compare 11 U.S.C. §§ 1515 and 1519 and Rules 1010, 1011 and 2002(q) of the Federal Rules of Bankruptcy Procedure with Rules 3 and 65 of the Federal Rules of Civil Procedure; *see also, United States v. Ron Pair Enterprises, Inc.,* 489 U.S.

5

at 240-241 ("as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute"). The court therefore concludes that the standard of proof for preliminary injunctive relief should apply here. The test that a plaintiff must meet to obtain a preliminary injunction was stated by the Supreme Court as follows: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council,* 555 U.S. 7, 20 (2008); *accord, Small v. Avanti Health Systems, LLC,* 661 F.3d 1180, 1187 (9th Cir. 2011), *citing, see also, (In re Vitro, S.A.B. de C.V.),* 455 B.R. at 579-584 (applying preliminary injunction relief standards to motion to enjoin litigation against nondebtor parties pursuant to 11 U.S.C. § 1519).[1]

The Liquidator argues that the first factor of the likelihood that the moving party will prevail on the merits is met by showing that the chances that the petition for recognition will be granted is high, but in this court's view, this showing is not

---

[1] However, the court agrees with the holding in *Pro-Fit Holdings* that an adversary proceeding is not required to obtain provisional relief under Section 1519 of the Bankruptcy Code, 11 U.S.C. Normally, an action for injunctive relief is an adversary proceeding within the meaning of Rule 7001 of the Federal Rules of Bankruptcy Procedure. However, a request for provisional relief under Section 1519 is ancillary to a petition for recognition of a foreign proceeding under Section 1515, which does not apparently require an adversary proceeding. The purpose of provisional relief under Section 1519 is to provide remedial relief to preserve the status quo in the gap period between the filing of the petition and the time the court rules upon the petition for recognition, and in this court's view, it does not make sense to require an adversary proceeding for provisional, or preliminary, relief where the underlying action for recognition does not require one. Rules 1010, 1011 and 2002(q) of the Federal Rules of Bankruptcy Procedure (bankruptcy rules governing service, response and notice of a petition for recognition of foreign main and non-proceedings). Since a petition for recognition is not defined as an adversary proceeding under Rule 7001, it and any related requests for provisional relief under Rule 1519 should be treated as contested matters under Rule 9014. Most of the procedural due process protections of an adversary proceeding, including notice and opportunity to be contest and be heard, are provided in the procedural rules governing petitions for recognition and requests for provisional relief. 11 U.S.C. § 1515 et seq.; Rules 1010, 1011, 2002(q) and 9014 of the Federal Rules of Bankruptcy Procedure. Thus, the court concludes that as to whether an adversary proceeding is required for provisional relief under Section 1519, the literal application of a statute would produce a result demonstrably at odds with the intentions of its drafters *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. at 242

enough because Section 1519 defines the merits of a motion for provisional relief that granting relief is "where the relief is urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). As to this standard, the Liquidator argues:

> The temporary imposition of a stay under Bankruptcy Code section 362(a) is urgently needed to protect and preserve the Debtor and the few assets it has left pending the hearing on the Petition for Recognition. As set forth above, the Debtor is a dormant corporate entity with very little assets, which is why it sought voluntary liquidation under the BVI proceeding. The pending lawsuits have and continue to drain the Debtor's few remaining resources. The pending lawsuits, if allowed to proceed, may result in certain creditors (those with pending trial dates) being treated more favorably than other similarly situated creditors. This race to the courthouse, or in this case to a trial date, may lead to inequitable results in how creditors are treated in the BVI Proceeding.

Motion at 4.

The only evidence in support of the Motion, including these assertions, is the Liquidator's declaration, who states in pertinent part:

> . . . Finally, in 2010, as a result of continuing and significant loss of business, the Debtor ceased operations. Since that time, the Debtor has not maintained active business operations and has been in wind-down mode. . . For a few years, the Debtor's corporate form was maintained to see whether the rebound in the economy would permit restarting the business or a new business opportunity may present itself. Unfortunately, despite the fact that the Debtor ceased operations nearly 3 years ago and has no significant assets left anymore, the Debtor continues to be named a defendant in various lawsuits, including two lawsuits pending before the United States District Court for the Central District of California. . . In one of those lawsuits, called *Thoams Alexander v. IncWay Corporation, et al.,* Case No. 2-11-cv-08851-DSF (the "Alexander Litigation"), pending before the United States District Court for the Central District of California, there is a trial scheduled to commence on June 18, 2013 at 8:30 a.m. The Debtor, therefore, felt it had no other choice but to commence a liquidation proceeding.

Declaration of Kevin Wessell, Motion at 6-7. The court finds that the evidence in favor of the first factor of likelihood of success on the merits consists of only the bald and conclusory statements of the Liquidator in his declaration that the debtor had no other choice than to commence the BVI liquidation proceeding because it

7

1  "ceased operations" and "has no significant assets left anymore."  The Liquidator
2  provides no specific information about the current resources of the bankruptcy
3  estate, how much the debtor has expended in defending the litigation, if any, how
4  the expenses of defense in the litigation are allocated among the various
5  defendants, how much the anticipated litigation expenses would be incurred for
6  the trial, and how much the assets of debtor would be diminished by its share of
7  the trial expenses.  The opposing creditor argues that the instant motion for
8  provisional stay is simply a "ploy" on behalf of the other defendants, including the
9  Liquidator in his individual capacity, to stall the trial scheduled to begin tomorrow,
10  which may or may not be true, but the court need not decide the validity of this
11  allegation because the Liquidator has not provided sufficient evidence of the
12  burden on the estate of the debtor in defending at trial with the other defendants to
13  establish that "relief is urgently needed to protect the assets of the debtor or the
14  interests of the creditors."  It would seem to the court that debtor cannot establish
15  this factor on grounds that the trial would be a further burden on the assets of the
16  estate because the bulk of the expenses incurred for defense have already
17  occurred in preparing for trial, there is no showing that the debtor has incurred any
18  expenses to date in litigating the case or would have to bear any expense for trial,
19  there is no showing that the debtor has any remaining assets at risk now anyway
20  and the liability of the debtor and other defendants on the claims of the creditor
21  have to be determined anyway.   The court finds that the Liquidator has not met
22  his burden to establish the first factor of likelihood of success on the merits.
23      As to the second factor of irreparable harm, the Liquidator argues that "if the
24  stay is not extended pending the hearing on the Petition for Recognition, the
25  Debtor will suffer irreparable harm by continuing to incur costs of litigation that it
26  can no longer afford" and "the continuation of litigation may result in certain
27  creditors being treated more favorably than other similarly situated creditors."
28  Motion at 4.  There is no evidence in the record supporting the Liquidator's

1 arguments on this factor.  As discussed above, there is no evidentiary showing
2 that the Debtor has incurred any litigation costs or that it can longer afford such
3 costs.  By the Liquidator's own admissions in his declaration, the debtor is
4 dormant, that is, not operating, and has no significant assets, and thus, it cannot
5 be said that it is incurring costs of litigation or would do so in the future since it is
6 not doing anything and does not appear to have any assets (or at least, it does not
7 have "any significant assets").  Moreover, there is no showing that not granting
8 provisional relief to stay the pending federal district court trial by the creditors
9 would give them more favorable treatment.  The creditors are merely seeking to
10 determine liability of debtor and the other defendants.  No explanation is given
11 how this gives them an unfair or inequitable advantage over other creditors, and
12 there is no showing that there would be an unfair or inequitable advantage to them
13 through a "race to the courthouse," that is, to collect or seize assets of the debtor
14 before other creditors.  There is no showing by the Liquidator that the creditors are
15 undertaking any collection activity against the debtor; rather, they are only seeking
16 to determine liability in the federal court action.
17 　　　　The Liquidator argues that the balance of the equities tips in the Liquidator's
18 favor because "the Liquidator is only requesting a temporary stay until the
19 outcome of the hearing on the Petition for Recognition" and that "[a] modest stay
20 of litigation should not prejudice the creditors greatly."  Motion at 4-5.  The court
21 finds that granting the motion for stay of litigation proceedings on the eve of trial in
22 a case that has been pending for about two years would unduly prejudice creditors
23 because they are ready to go to trial after extensive pretrial litigation and
24 discovery.  Declaration of Anthony B. Gordon in Opposition to Emergency Motion
25 at 1-9 and exhibits attached thereto; *see also,* Creditor Neil A. Vacchiano's
26 Memorandum of Points and Authorities in Opposition to Emergency Motion and
27 exhibits attached thereto.  Allowing the trial to go forward to determine the merits
28 of the liability of debtor and the other defendants does not impose a great burden

on the debtor because the liability of debtor will have to be determined in any event. There is no showing that the creditor is at this time seeking to enforce any liability *in rem* against property of the bankruptcy estate of the debtor, which would raise a different issue. Accordingly, the court finds that the Liquidator has not established the third factor of the balance of the equities.

As to the fourth factor that an injunction is in the public interest, the Liquidator argues that provisional relief requested by the motion "promotes the public interest" since "the recognition of foreign insolvency proceedings and coordination of cross-border insolvency proceedings further the goal of chapter 15." Motion at 5. Thus, the Liquidator makes no factual showing that granting provisional relief would be in the public interest and essentially argues that Section 1519 relief should always be granted in Chapter 15 cases because this would further the goals of Chapter 15. The court concludes that this cannot be the case as a matter of general policy because the court must consider the public consequences of granting or denying an injunction. 3 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 13:76 at 13-39 (2011), *citing, Winter v. Natural Resources Defense Council,* 555 U.S. at 24, 129 S.Ct. 365, 376-377. Here, the court concludes that this factor is at most neutral since the reach of the requested injunction to restrain pending litigation among certain parties and affects only them with no impact on nonparties. 3 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 13:76 at 13-39 – 13-40, *citing, Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1139 (9th Cir. 2009).

///

///

1  Accordingly, the motion will be denied because the Liquidator as the party seeking relief has not established the requisite factors application to obtain provisional relief under 11 U.S.C. § 1519.  A separate order is being filed concurrently herewith.  Because the court denies the motion, it is unnecessary to rule upon creditor Alexander's request for relief for an automatic stay.

IT IS SO ORDERED.

###

Date: June 17, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) STATEMENT OF DECISION ON EMERGENCY MOTION OF FOREIGN REPRESENTATIVE FOR IMPLEMENTATION OF PROVISIONAL STAY UNDER 11 U.S.C. §§ 105, 362, AND 1519 was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **June 17, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Ron Maroko    ron.maroko@usdoj.gov
- Danielle A Pham    dpham@stutman.com, daniellepham@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Scott H Yun    syun@stutman.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Debtor:**
Worldwide Education Services, Inc.
c/o Patton, Moreno & Asvat (BVI) Limited
Capitol Chambers
P.O. Box 3174
Road Town, Tortola
British Virgin Islands

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: